UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00309-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NATHAN VALDEZ,

    Defendant.

**ORDER**

THIS MATTER came before the Court for a status conference and hearing on the Government's Rule 404(b) Notice on Monday, September 14, 2009.  After carefully reviewing the pleadings and considering the arguments presented by the Government and the Defendant at the hearing, I order the following for the reasons stated on the record:

I.    <u>Government's Rule 404(b) Notice</u>

    Fed. R. Evid. 404(b) provides that

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent . . . provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

    Admission of Rule 404(b) evidence is governed by a four prong test originally set

forth in *Huddleston v. United States*, 485 U.S. 681 (1988); see *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997); *United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994). This test requires consideration of the following factors: (1) that the evidence be offered for a proper purpose under Rule 404(b); (2) that the evidence is relevant under Rule 402; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted.

The Government filed a timely notice of five numerical recitations of evidence it wishes to introduce at trial during its case-in-chief. The Government argued that the evidence it proffered satisfies the requirements set forth in Rule 404(b). After hearing argument from both parties and for the reasons stated on the record, I find that the first proffered piece of evidence is excluded pursuant to Rule 404(b). I further defer my ruling as to the remaining proffered evidence until trial. Accordingly, it is

ORDERED that the first proffered piece of evidence in the Government's notice is **EXCLUDED** pursuant to Rule 404(b). It is

FURTHER ORDERED that I will defer my ruling as to the remaining proffered evidence until trial.

II.     Scheduling

At the September 14, 2009 hearing, the parties indicated that this matter is ready to be set for trial and that there are no present issues regarding the speedy trial calculation. Accordingly, it is

ORDERED that a five-day jury trial is set for **Monday, November 2, 2009 at 9:00 a.m.**  It is

FURTHER ORDERED that a final trial preparation conference is set for **Monday, October 26, 2009 at 4:30 p.m.**  It is

FURTHER ORDERED that the parties shall file a joint status report indicating the status of speedy trial, the estimated length of the jury trial, and the possibility of a disposition not later than **Monday, September 28, 2009.**  It is

FURTHER ORDERED that the parties shall file proposed voir dire questions, proposed jury instructions, witness lists, and exhibit lists that comply with my practice standards not later than **Monday, October 19, 2009**.  It is

FURTHER ORDERED that the parties shall comply with all other deadlines and directives mandated by me at the September 14, 2009 hearing or set forth in my practice standards.

Dated:  September 15, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge